SHANE R DODGE
1205 District Two Road
Bonners Ferry, ID 83805

Plaintiff/Defendant
(circle one)

U.S. COURTS

JAN 31 2020

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHANE R DODGE ) | |
| CHRISTINE L. DODGE ) | CASE NO. 2:20-cv-48-BLW |
| Plaintiff/Petitioner, ) | |
| vs. ) | COMPLAINT |
| BONNERS FERRY POLICE DEPT ) | |
| OFFICER: WILLIAM COWELL ) | Jury Trial Requested: |
| OFFICER: BRANDON BLACKMORE ) | _X_ YES ____ NO |
| Defendant/Respondent(s), ) | |

COMES NOW, Shane R Dodge, Christine L. Dodge, Plaintiff in the above entitled MATTER PRO SE:

A. JURISDICTION

The United States District Court for the District of Idaho has jurisdiction over my claims under: (check all that apply):

    **X**   42 U.S.C. § 1983 (applies to state, county, or city defendants)

    _____ Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331

    (applies to federal government defendants only)

    _____ Other federal statute (specify) _____; or diversity of citizenship.

    **X**   I also ask the federal court to exercise supplemental jurisdiction over state law claims.

**1**    CIVIL RIGHTS COMPLAINT

B.    PLAINTIFF

1. My name is Shane R Dodge. I am a citizen of the State of Idaho, presently residing at 1205 District Two Road, Bonners Ferry, Idaho 83805.

2. My name is Christine L. Dodge. I am a citizen of the State of Idaho, presently residing at 1205 District Two Road, Bonners Ferry, Idaho 83805.

C.    DEFENDANTS AND CAUSES OF ACTION

1. I am suing officer, William Cowell, acting as a police officer under the color of state law for the Bonners Ferry Police Department.

2. I am suing officer, Brandon Blackmore, acting as a police officer under the color of state law for the Bonners Ferry Police Department.

3. I am suing the Bonners Ferry City Police Department and for the negligence caused by the department's officers.

   The Plaintiff's, Mr. Shane R Dodge and Mrs. Christine L. Dodge are suing the officers acting under the color of state law and that the officers "persons" were working for, and acting on behalf of a government entity, the Bonners Ferry City Police Department, when they violated the Plaintiffs Civil Rights.

   The Plaintiff's, Mr. Shane R Dodge, and Mrs. Christine L. Dodge claim that officer William Cowell and officer Brandon Blackmore caused the deprivation of Constitutional rights that are protected under the Fourteenth 14th, and Eighth 8th Amendments of the United States Constitution. Title 42 U.S.C. & 1983 See: Arnold V. International Business Machines Corp., 637 F.2d 1350, 1350, 1355 (9th cir. 1981), and that these factual allegations, a jury could find the defendants acted. SEE: Ashcroft V. I9bal. 129 S.CT 1937, 1953-54 (2009).

D.    PERSONAL CAPACITY CLAIMS AGAINST THE INDIVIDUAL OFFICERS OR EMPLOYEES.

1. I am suing officer William Cowell acting as a police officer for the Bonners Ferry Police Department in his personal capacity.

2. I am suing officer Brandon Blackmore acting as a police officer for the Bonners Ferry Police Department in his personal capacity.

The plaintiff's, Mr. Shane R Dodge and Mrs. Christine L. Dodge, are seeking monetary damages for the claims in Section (two) II in the Causes of Action. SEE: Kentucky V. Graham, 473 U.S. 159, 165 (1985)

E. FACTUAL BASIS OF CLAIMS, CONSTITUTIONAL VIOLATIONS:

1. The Plaintiffs allege that the acts described in Section (Two) II in the Cause of Action, violated provisions of the Fourteenth 14th Amendment of the United States Constitution.

2. The Plaintiffs allege that the acts described in Section (Two) II in the Causes of Action violated provisions of the eighth 8th Amendment of the United States Constitution. Title 42 U.S.C. & 1983.

The Plaintiffs, Mr. Shane R Dodge and Mrs. Christine L. Dodge, argue and claim that they have a constitutional right to file suit against officer William Cowell and officer Brandon Blackmore under which a State, Municipal or Government Official may be held liable for civil rights violations as the officers: (1) Personal involvement in the act that caused the injury. (2) Sufficient causal connection between the official act and the injury meet the required factual requests. SEE: Arnold V. International Business Machines Corp. 637F.2d 1350, 1355 (9th Cir. 1981).

F. LEGAL BASIS OF CLAIMS

Constitutional Violations:

1. The Plaintiffs allege that the acts described in Section (Two) II in the causes of action violated provisions of the Fourteenth 14th Amendment of the United States Constitution.

2. The Plaintiffs allege that the acts described in Section (Two) II in the

Causes of Action violated provisions of the Eighth 8th Amendment of The United States Constitution. Title 42 U.S.C. & 1983.

The Plaintiffs Mr. Shane R Dodge, and Mrs. Chrustine L. Dodge argue and claim that they have a constitutional right to file suit against

Officer William Cowell and Officer Brandon Blackmore, under which a State, Municipal or Government Official may be held liable for civil rights violations as the officers: (1) Had Personal Involvement in the act that caused the injury, (2) Sufficient causal connection between the official act and the injury meet the required factual requisites. SEE: Arnold V. International Business Machines Corp. 637 F.2d 1350, 1355 (9th Cir 1981).

G. The Plaintiffs allege that they had suffered the listed injuries that had been described in Section II of the Causes of Action and as a result of the negligence that had been caused by the listed defendants, acting under personal capacity, and under color of State law.

H. PREVIOUS OR PENDING LAWSUITS

1. The First District Court, State of Idaho, Boundary County, Case # CV11-18-0408. (Case Closed)

2. I have previously pursed these claims in the Supreme Court of the State of Idaho, Docket #  .46696-2019  . (Case Closed)

   The Plaintiffs, Mr. Shane R Dodge and Mrs. Christine L. Dodge, have pursued these claims in State District Court, and the Supreme Court of the State of Idaho.

I.               STATEMENT OF THE CASE

ON THE DATE OF SUNDAY JUNE 17, 2018, THE PLAINTIFFS MR (SHANE R DODGE), AND MRS. (CHRISTINE L. DODGE) HAD BEEN RETURNING HOME WITH THEIR SON (ANDY J. DURETTE) AFTER HAVING DINNER CELEBRATING FATHER'S DAY AND TRAVELING NORTH ON HWY 95 HEADED TO TURN RIGHT ONTO DISTRICT TWO ROAD.  ONCE ON DISTRICT TWO ROAD MR (DODGE) HAD PULLED HIS CAR OVER APPROXIMATELY (4) FOUR CAR LENGTHS FROM THE CAR THE OFFICER HAD PULLED OVER.  AFTER HAVING TO SLOWLY PULL ALONG THE SIDE OF THE PATROL CAR WHICH WAS ENTIRLEY BLOCKING MR (DODGE'S) LANE OF TRAVEL.  THERE HAVE BEEN SEVERAL OCCASIONS PRIOR TO THIS INCIDENT WHERE POLICE VEHICLES HAVE HAD CARS PULLED OVER PARTIALLY BLOCKING DISTRIC TWO ROAD.  MR (DODGE), AFTER PARKING HIS CAR, SIMPLY WALKED UP THE POLICE OFFICER, QUIETLY, AND STATED TO SGT (COWELL) THAT IT WAS A PRETTY STUPID PLACE TO PULL PEOPLE OVER BECAUSE IT WAS CAUSING A TRAFFIC HAZARD.  OFFICER SGT. (COWELL) HAD AUTOMATICALLY BECAME ANGRY AND AGITATED IN AN OUTBURST OF EXPLOSIVE BEHAVIOR AND STATED THAT MR. (DODGE) WAS UNDER ARREST FOR OBSTRUCTION OF JUSTICE.  OFFICER SGT. (COWELL) HAD NOT EVEN ATTEMPTED TO ADDRESS, OR REASONABLY RESPOND TO THE CONCERN OF MR. (DODGE) AND THE HAZARD THAT HIS PATROL VEHICAL WAS CAUSING ON THE HIGHWAY TO ONCOMING TRAFFIC.  AS MR. (DODGE) HAD STATED "GO TO HELL" THIS OFFICER IMMEDIATELY GRABBED MR. (DODGE) AND HAD SLAMMED HIS CHEST ONTO THE TOP OF A CONCRETE K RAIL HIGHWAY BARRIER AND HAD RAMMED HIS KNEE INTO MR (DODGES) BACK, OFFICER (BLACKMORE) AS HE HAD STATED HAD GRABBED MR. (DODGES) RIGHT ARM PARTICIPATING IN THE

ASSAULT ON MR (DODGE) WHILE THE TWO OFFICERS TACKLED AND SLAMMED MR (DODGE) ONTO THE CONCRETE K RAIL BARRIER WHILE OFFICER (BLACKMORE) IN HIS OWN STATEMENT HAD PLACED HANDCUFFS ON MR. (DODGE) IN A MANNER TO CREATE MORE BODILY HARM BY WRENCHING ON THE HANDCUFFS SO TIGHT THAT THE HANDCUFFS HAD CRUSHED THEIR WAY IN DEPTH INTO MR. (DODGE'S) WRIST LIKE A VICE CHOKING AND RESTRICTING THE BLOOD CIRCULATION IN MR. (DODGE'S) WRIST IN WHICH HAD BEEN DONE BY OFFICER (BLACKMORE) ONLY TO INTENTIONALLY CAUSE MR(DODGE) EXTREME PAIN AND INJURY. WHILE MR. (DODGE) HAD BEEN BEING HANDCUFFED, HIS WIFE, MRS. (DODGE) HAD GOTTEN OUT OF THE CAR EXTREMELY CONCERNED FOR THE SAFETY OF HER HUSBAND AND UPSET ASKED THE OFFICERS WHY HER HUSBAND WAS BEING ARRESTED. OFFICER (COWELL) STARTED YELLING AND KICKING AT OFFICER (BLACKMORE) TO GET HIM TO ARREST MRS. (CHRISTINE L. DODGE) HIS WIFE. AGAIN, AS LIKE FOR MR. (DODGE), FOR ABSOLUTLEY NO REASON ACCORDING TO LAW, BUT DUE TO AN UN-CONTROLLABLE OUTBURST OF ANGER AND ABUSIVE BEHAVIOR.

MR. (DODGE) HAD THEN BEEN PUT INTO THE REAR SEAT OF THE PARTROL CAR AND TRANSPORTED TO THE COUNTY JAIL. WHEN INSTRUCTED TO EXIT THE VEHICAL, WITH THE PAIN FROM THE WAY THE HANDCUFFS HAD BEEN PUT ON AND ALSO BEING CRAMPED UP SO TIGHT INTHE BACK OF THE PATROL CAR, MR. (DODGE) COULDN'T MOVE. OFFICER SGT. (COWELL) PROCEEDED TO GET AHOLD OF MR. (DODGE'S) LEGS AND PULL WHILE OFFICER (BLACKMORE) WENT AROUND TO THE OTHER SIDE OF THE PATROL VEHICAL AND PUSHED FROM THAT SIDE UNTIL THEY HAD REMOVED MR. (DODGE) FROM THE PATROL VEHICAL AND HAD GOTTEN HIM ONTO HIS FEET.

MR. (DODGE) WAS THEN TAKEN INTO THE JAIL BOOKING ROOM WHERE THE DEPUTY SHERIFF BOOKING OFFICER WAS OBTAINING INFORMATION IN WHICH MR. (DODGE) WAS COMPLIANT. MR. (DODGE) WAS ASKED WHAT HIS MIDDLE NAME WAS. HE TOLD HIM IT WAS "R". THE OFFICER THEN ASKED WHAT "R" STOOD FOR. MR. (DODGE) AGAIN TOLD HIM "R". THEN THE BOOKING OFFICER EXPLAINED TO MR. (DODGE) THAT IF HE WAS NOT BEING TRUTHFUL WITH HIM THAT HE COULD BE FACING ANOTHER CHARGE FOR NOT BEING TRUTHFUL. MR. (DODGE) HAD THEN TOLD THE BOOKING OFFICER THAT HE HAD ALL OF HIS CARDS, DRIVER'S LICENSE, CONCEALED CARRY PERMIT, MILITARY, THE WHOLE THING, "WHAT IS ON THEM?" THE BOOKING OFFICER THEN STATED THAT IF HE WAS GOING TO BE NON-COMPLIANT THAT HE (MR. (DODGE)) COULD JUST KEEP THE HANDCUFFS ON A WHILE LONGER. LET IT BE KNOWN FOR THE RECORD THAT OFFICER SGT. (COWELL), AND OFFICER (BLACKMORE) HAD NOT EVEN THE MORAL AND COMMON COURTESY TO REMOVE THE WRENCHED ON HANDCUFFS. THEY JUST LEFT THEM ON, CAUSING MR. (DODGE) AN UN-TOLLERABLE AMOUNT OF EXCRUTIATING PAIN. THESE HANDCUFFS HAD BEEN LEFT ON MR. (DODGE) THE ENTIRE TIME UP UNTIL THEY NEEDED TO TAKE HIS FINGER PRINTS. THE DEDPUTY SHERIFF THAT HAD TAKEN THE HANDCUFFS OFF OF MR. (DODG) HAD A HARD TIME REMOVING THEM. HE HAD BEEN FINGER PRINTED SEVERAL TIMES. HE PAID HIS BOND/BAIL AND WAS RELEASED.

MR. (DODGE), UPON HIS RELEIASE, HAD TO BE TAKEN BY HIS FAMILY TO THE EMERGENCY ROOM AT THE LOCAL HOSPITAL TO BE EXAMINED AND TREATED FOR THE INJURIES HE HAD SUSTAINED BY THE FALSE ARREST, AND THE UNNECESSARY AND EXESSIVE USE OF FORCE CAUSED

BY SGT. (COWELL) AND OFFICER (BLACKMORE) THAT HAD OCCURED ACTING IN THE CAPACITY OF LAW ENFORCEMENT OFFICERS.

MRS. CHRISTINE L.DODGE HAD BEEN CAUSED GRAVE "EMOTIONAL DISTRESS" AS SHE HAD BEEN PUT IN A SITUATION OF "FEAR" FOR THE SAFETY OF HER HUSBAND SHANE, HERSELF AND HER SON, AS SHE HAD TO WATCH AND ENDURE THE ABUSE OF HER HUSBAND FOR ABSOLUTEYLY NO MORAL OR LEGAL REASON. SHE HAD ALSO BEEN "THREATENED" BY OFFICER SGT (COWELL) WHEN HE HAD INSTRUCTED OFFICER (BLACKMORE) TO PLACE HER UNDER ARREST AFTER SIMPLY ASKING THE OFFICERS WHY THEY WERE ARRESTING SHANE AND THEN (BLACKMORE) ORDERED HER TO LEAVE. AFTER MRS. CHRISTINE L. DODGE HAD FILED A COMPLAINT AT THE SHERIFFS DEPARTMENT IN REGARDS TO THE FALSE ARREST, AND UNNECESSARY USE OF EXCESSIVE FORCE ON HER HUSAND. SHE HAD POSTED BOND/BAIL AND LEFT THE BUILDING TO RETURN TO THE PARKING LOT WHERE HER SON AND MR. (DODGES) DAUGHTER HAD BEEN WAITING. SHE NOTICED THAT OFFICER SGT. (COWELL) AND OFFICER (BLACKMORE) HAD ALSO BEEN IN THE PARKING LOT SPEAKING TO HER STEP DAUGHTER AND HER SON. MRS. (DODGE) STATED TO SGT (COWELL) THAT SHE STILL WANTED TO KNOW WHY HER HUSBAND HAD BEEN ARRESTED, THEN SGT (COWELL) STOOD FACING MRS. (DODGE) WITH HIS CHEST"STUFFED OUT" AND LOOKING DOWN ON HER IN AN "INTIMIDATING MANNER" AND STATED" I CAN STILL ARREST YOU" AND THEN AT THAT POINT MRS. (DODGE) HAD TO STOP AND GET HER THOUGHTS IN ORDER AND WITH STRENGTH STATED, "LOOK AT YOURSELF STANDING LIKE THAT, AND YOUR LOOK AS IF YOU CAN DO ANYTHING YOU WANT. WHAT IF YOU WERE IN MY SHOES-WOULD YOU WANT TO BE TREATED LIKE THIS?".

SGT. (COWELL) DECLINED TO ANSWER AND WITHOUT ANY COMPASSION, NOR COURTESY, STATED, "ARE YOU DONE?".

MRS. (DODGE'S) STEP DAUGHTER HAD BEGAN SPEAKING TO SGT. (COWELL), AND THEN ALL OF A SUDDEN SGT. (COWELL) WALKED OVER TO MRS. (DODGE'S) SON AND STATED, "I HAVE (SHANE'S) BELONGINGS IF YOU WOULD TAKE THEM." MRS. (DODGE) HAD HEARD THE STATEMENT AND WALKED OVER AND SAID "NO". I'M HIS WIFE AND I WILL TAKE POSSESSION OF MY HUSBAND'S BELONGINGS. SGT. (COWELL) HAD TURNED AND SAID, "I'M NOT TALKING TO YOU" IN AN INAPPROPRIATE MANNER.

AFTER MR. (SHANE R DODGE) HAD BEEN RELEASED ON BAIL/BOND, HE HAD BLOOD RUNNING DOWN FROM AN INJURY SUSTAINED ON HIS ARM AND WAS IN ALOT OF PAIN FROM BEING MISTREATED AND HE HAD VISIBLE INJURY TO HIS WRISTST FROM THE NEGLEGENT PLACEMENT OF HANDCUFFS BY OFFICER (BLACKMORE). MR. (DODGE) HAD ALSO BEEN IN A LOT OF PAIN IN HIS CHEST FROM SGT. (COWELL) AND OFFICER (BLACKMORE) SLAMMING HIS CHEST INTO THE CONCRETE K RAIL BARRIER AND ALSO EXCRUTIATING PAIN IN HIS BACK FROM SGT. (COWELL) RAMMING HIS KNEE INTO MR. (DODGES) BACK AFTER SLAMMING MR. (DODGE'S) CHEST FIRST INTO THE CONCRETE BARRIER. DUE TO THE INJURIES THAT MR. (DODGE) SUSTAINED FROM SGT. (COWELL) AND OFFICER (BLACKMORE), HE HAD BEEN TAKEN BY FAMILY TO THE HOSPITAL EMERGENCY ROOM FOR TREATMENT.

II.                    CAUSE'S OF ACTION

THE PLAINTIFF'S, MR. (SHANE R DODGE) AND HIS WIFE, MRS. (CHRISTINE L. DODGE) COMPLAIN THAT THE ABOVE LISTED RESPONDENTS: BONNERS FERRY POLICE DEPARTMENT AND ACTING IN CAPACITY OF LAW ENFORCEMENT PERSONAL, OFFICER SGT. (WILLIAM COWELL) AND OFFICER (BRANDON BLACKMORE) DID COMMIT THE FOLLOWING OFFENCES, DAMAGES, AND MISDEMEANOR CRIMES AGAINST THE PLAINTIFFS AS FOLLOW'S:

<u>OFFICER SGT WILLIAM COWELL:</u>

A.   THAT ON THE DATE OF JUNE 17, 2018 AT 8:30 P.M., OFFICER SGT (WILLIAM COWELL) HAD COMMITED THE OFFENCES AND DAMAGES AGAINST THE PLAINTIFF'S.

   1. FALSE ARREST OF MR. (SHANE R DODGE) WITHOUT PROBABLE CAUSE, I.C. 19-603.

   2. UNNECESSARY AND EXCESSIVE USE OF FORCE AGAINST MR. (SHANE R DODGE) WITHOUT CAUSE. I.C. 19-610.

   3. MISDEMEANOR ASSAULT. I.C. SECTION 18-901(a)(b).

   4. MISDEMEANOR BATTERY. I.C. SECTION 18-903(a)(b)(c).

   5. FALSE IMPRISONMENT. I.C. SECTION 18-2901.

   6. FALSIFYING A POLICE REPORT. I.C. SECTION 18-3201.

   7. MISDEMEANOR ASSAULT ON MRS. (CHRISTINE L. DODGE). I.C. SECTION 18-901(a)(b).

B. THAT ON THE DATE OF JUNE 17, 2018 AT 8:30 P.M. OFFICER (BRANDON BLACKMORE) DID WILLFULLY ASSIST OFFICER SGT (WILLIAM COWELL) COMMITING THE OFFENCES AND DAMAGES AGAINT PLAINTIFFS.

   1. FALSE ARREST OF MR. (SHANE R DODGE) WITHOUT PROBABLE CAUSE. I.C. 19-603.

   2. UNNECESSARY AND EXCESSIVE USE OF FORCE AGAINST MR. (SHANE R DODGE) WITHOUT PROBABLE CAUSE. I.C. 19-610.

   3. MISDEMEANOR ASSAULT. I.C. SECTION 18-901(a)(b).

   4. MISDEMEANOR BATTERY. I.C. SECTION 18-903(a)(b)(c).

   5. FALSE IMPRISONMENT. I.C. SECTION 18-2901.

   6. FALSIFYING A POLICE REPORT. I.C. SECTION 18-3201.

   7. MISDEMEANOR ASSAULT ON MRS. (CHRISTINE L. DODGE) BY AIDING AND ABETTING OFFICER SGT (COWELL) WHILE IN THE COMMISSION OF A CRIME. I.C. SECTION 18-901(a)(b).

C. THAT ON THE DATE OF JUNE 17, 2018 AT 8:30 P.M. THE (BONNER'S FERRY POLICE DEPARTMENT) COMMITTED THE OFFENCES AND DAMAGES AND SUBJECT TO LIABILITY FOR MONEY DAMAGES ARISING OUTOF IT'S NEGLEGENT OR OTHEWISE WRONGFULL ACTS OR OMISSIONS AND THOSE OF IT'S EMPLOYEE'S ACTING WITHIN THE COURSE AND SCOPE OF THEIR DUTIES. I.C. 6-903 (a) AND I.C. 6-904 SECTIONS 3. SEE: ANDERSON v. FOSTER, 73 IDAHO

340.252.P.2d 199 (1953). AND ALSO SEE: SPRAGUE v. CITY OF BURLEY 109 IDAHO 656.710 p.2d 566 (1985), AND AGAINST THE STANDARD'S OF LAW ENFORCEMENT PERSONAL AS DEFINED BY FEDERAL AND STATE LAW AND IN CHAPTER 51,TITLE 19, IDAHO CODE, AND THAT THE PLAINTIFF'S COMPLAIN THAT THE ACTIONS AROSE OUT OF AND IN THE COURSE OF THE PERFORMANCE OF THE DUTIES OF THE OFFICERS. SEE: MONSON v. BOYD, 81 IDAHO 575.348 p.2d 93 (1954).

D. THE AUTHORITY OF POLITICAL SUBDIVISION TO PURCHASE INSURANCE: IDAHO CODE SECTION 6-923.

ALL POLITICAL SUBDIVISIONS OF THE STATE SHALL HAVE THE AUTHORITY TO PURCHASE THE NECESSARY LIABILITY INSURANCE FOR THEMSELVES AND THEIR EMPLOYEES.

E. LIABILITY OF GOVERNMENT ENTITIES-DEFENSE OF IT'S EMPLOYEES:

EVERY GOVERNMENT ENTITY IS SUBJECT TO LIABILITY FOR MONEY DAMAGES ARISING OUT OF ITS NEGLEGENT OR OTHERWISE WRONGFULL ACT OR OMISSIONS AND THOSE OF IT'S EMPLOYEES ACTING WITHIN THE COURSE AND SCOPEOF THEIR EMPLOYMENT OR DUTIES, AND WHETHER ARISING OUT OF A GOVERNMENTAL OR A PROPRIETARY FUNCTION, WERE THE GOVERNMENT ENTITY WOULD BE LIABLE FOR MONEY DAMAGES UNDER IDAHO LAWS OF THE STATEOF IDAHO. IDAHO CODE SECTION 60903. SEE: SPRAGUE v CITY OF BURLEY 109 IDAHO 656.710.p2d 566 (1985)

F. POLICY LIMITS-MINIMUM REQUIREMENTS: EVERY POLICY OR CONTRACT OF INSURANCE OR COMPREHENSIVE LIABILITY PLAN OF A GOVERNMENT ENTITY AS PERMITTED UNDER THE PROVISIONS OF THIS CHAPTER SHALL PROVIDE THAT THE INSURANCE CARRIEER PAY ON BEHALF OF THE INSURED GOVERNMENT ENTITY OR IT'S EMPLOYEE TO A LIMIT NOT LESS THAN: FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) FOR BODILY OR PERSOAL INJURY, DEATH, OR PROPERTY DAMAGE OR LOSS AS THE RESULT OF ANY ON (1) OCCURENCE OR ACCIDENT, REGARDLESS OF THE NUMBER OF PERSON INJURED OR NUMBER OF CLAIMENTS. SEE ANDERSON v. FOSTER 73 IDAHO 340.252 p.2d 199 (1953). ALSO SEE: FERGUSON v. COREGIS INS. CO., 527 f.3d 930 (9TH CIR 2008)

G. JUDGEMENT OR CLAIMS IN EXCESS OF COMPREHENSIVE LIABILITY PLAN-REDUCTION BY COURT-LIMIT OF LIABILITY: IDAHO CODE SECTION 6-926.

THE PLAINTIFFS MR. (SHANE R DODGE), (CHRISTINE L. DODGE) COMPLAIN THAT IF THE DAMAGES AND COURT COSTS, LEGAL FEES DO GO IN EXCESS OF $500,000.00 DOLLARS THAT IF THE (BONNERS FERRY POLICE DPARTMENT) INSURANCE CARRIERS HAVE COVERAGE IN EXCESS, THAT THE COURT ORDER AN EXCESS IN AWARD.

H. ATTORNEYS FEES: IDAHO CODE SECTION 6-918 A.

THE PLAINTIFFS MR. (SHANE R DODGE), (CHRISTINE L. DODGE) COMPLAIN THAT AT THE TIME AND IN THE MANNER PROVIDED FOR FIXING COSTS IN CIVIL ACTIONS

AND AT THE DISCRETION OF TRIAL COURT, APPROPRIATE AND REASONABLE ATTORNEYS FEES MAY BE AWARDED TO THE PLAINTIFFS AS COSTS IN ACTIONS UNDER THIS ACT, UPON PETITION THEREFOR AND A SHOWING, BY CLEAR AND CONVINCING EVIDENCE, THAT THE PARTY AGAINST WHOM OR WHICH SUCH AWARD IS SOUGHT WAS GUILTY OF BAD FAITH IN THE COMMENCEMENT, CONDUCT, AND ACTING IN THE CAPACITY AS LAW ENFORCEMENT PERSONNEL INTHE COURSE OF PERFORMANCE OF HIS DUTY.

I. DAMAGES FOR NEGLIGENCE AND PERSONAL INJURY SOUGHT BY THE PLAINTIFFS ARE IN THE AMOUNT OF:

1. BAIL BOND FEES: $

2. MEDICAL EXPENSES: $ 1,452.50

3. PERSONAL INJURY AND NEGLEGENCE: $ 496,547.50

4. CRIMINAL DEFENSE ATTORNEY FEES: $ 2,000.00

5. CIVIL DEFENSE ATTORNEY FEES: $ SET BY THE COURT

TOTAL JUDGMENT: AMOUNT $500,000.00

ATTACHED EXHIBITS: A,B,C,D,E,F

14   COMPLAINT

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury:

that I am the plaintiff in this action, that I have read the complaint, and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621; and

Executed at _____ on  31-Jan 2020
                 (Location)                  (Date)

_____
Plaintiff's Original Signature

_____
_____

Plaintiff.

## CERTIFICATE OF DELIVERY/MAILING

I HEREBY CERTIFY that on the __21__ day of __Jan.__, 20_20_, I delivered in person a correct copy of the **COMPLAINT** to:

**Bonners Ferry Police Department**,

**Officer SGT. WILLIAM COWELL**,

**Officer, BRANDON BLACKMORE**,

**7232 Main Street, Bonners Ferry, ID 83805**

_____
_____

**Plaintiff**

15   COMPLAINT